# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/22/2021 04:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV35068

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAFWAY ATLANTIC, LLC, a Delaware limited liability company; MARILU ESPARZA, an individual; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WANDA LANIER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N Hill Street, Los Angeles, California 90012 | **CASE NUMBER:** *(Número del Caso):*<br>**21STCV35068** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mills Sadat Dowlat LLP, 333 South Hope Street, 40th Floor, Los Angeles, CA 90071; (213) 628-3856

| DATE:<br>*(Fecha)* 09/22/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* | R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☒☒☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

**EXHIBIT A**

Electronically FILED by Superior Court of California, County of Los Angeles on 09/22/2021 04:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV35068

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Christopher Lui

1   MILLS SADAT DOWLAT LLP
    Arash Sadat (SBN 279282)
2   Brigitte Mills (SBN 281098)
    Camron Dowlatshahi (SBN 308618)
3   333 South Hope Street, 40th Floor
    Los Angeles, CA 90071
4   Tel.:   (213) 628-3856
    Email: arash@ msdlawllp.com
5   Email: brie@ msdlawllp.com
    Email: camron@msdlawllp.com
6
    Attorneys for Plaintiff
7   Wanda Lanier

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF LOS ANGELES

11

12   WANDA LANIER, an individual,          Case No.  21STCV35068

13              Plaintiff,                 PLAINTIFF WANDA LANIER'S
                                           COMPLAINT FOR:
14        v.
                                           (1)  **Wrongful Termination in Violation**
15   SAFWAY ATLANTIC, LLC, a Delaware           **of Public Policy**
     limited liability company; MARILU
16   ESPARZA, an individual; and DOES 1 through  (2)  **Failure to Provide Reasonable**
     25, inclusive,                             **Accommodation (Gov. Code, §**
17                                              **12940(m))**
                Defendants.
18                                         (3)  **Failure to Engage in the Interactive**
                                                **Process (Gov. Code, § 12940(n))**
19
                                           (4)  **Retaliation in Violation of FEHA**
20                                              **(Gov. Code § 12940(a))**

21                                         (5)  **Violation of CFRA (Gov. Code §**
                                                **12945.2)**
22
                                           (6)  **Retaliation in Violation of CFRA**
23                                              **(Gov. Code § 12945.2(k))**

24                                         (7)  **Failure to Prevent Harassment,**
                                                **Discrimination, and Retaliation**
25                                              **(Gov. Code, § 12940(k))**

26                                         (8)  **Retaliation in Violation of Lab.**
                                                **Code, § 1102.5**
27
                                           (9)  **Waiting Time Penalties (Lab. Code,**
28                                              **§§ 201-203)**

                                           **JURY TRIAL DEMANDED**

                                    1
                                                                    COMPLAINT

**EXHIBIT A**

1        Plaintiff Wanda Lanier, by and through her undersigned counsel, brings this action against

2    defendants Safway Atlantic, LLC, Marilu Esparza, and Does 1 through 25, inclusive (collectively,

3    "Defendants"), and alleges as follows:

4    **THE PARTIES**

5        1.    Plaintiff Wanda Lanier ("Ms. Lanier" or "Plaintiff") is an individual residing in Los

6    Angeles County, California.

7        2.    Defendant Safway Atlantic, LLC ("Safway") is a limited liability company

8    operating in Los Angeles County, California.

9        3.    Defendant Marilu Esparza ("Ms. Esparza") is an individual residing in Los Angeles

10    County, California. At all times relevant hereto, Ms. Esparza acted as an agent of Safway.

11        4.    Plaintiff is unaware of the true names and capacities of the defendants sued as Does

12    1 through 25, inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will

13    amend this complaint to allege their true names and capacities when the same have been

14    ascertained.  Plaintiff is informed and believes that each of the fictitiously named defendants is

15    responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were

16    proximately caused by said defendants' conduct.

17    **VENUE AND JURISDICTION**

18        5.    The wrongful conduct alleged against the Defendants occurred in the County of Los

19    Angeles, California. At all times relevant hereto, the conduct at issue was part of a continuous and

20    ongoing pattern of behavior.

21        6.    This Court is the proper forum to adjudicate this action because the wrongful acts

22    that are the subject of this action occurred here, the Defendant now resides in its jurisdictional

23    area, and injury to person occurred in its jurisdictional area.

24        7.    Plaintiff has complied with and/or exhausted any applicable claims statutes and/or

25    administrative and/or internal remedies and/or grievance procedures, and/or is excused from

26    complying therewith.  Plaintiff was issued a right-to-sue notice on or about September 22, 2021. A

27    true and correct copy of Plaintiff's "Right to Sue" letter is attached as **Exhibit A**.

28    //

2

**EXHIBIT A**

**GENERAL ALLEGATIONS**

8.     Ms. Lanier was a loyal and valued employee of Safway from July 19, 2019 until approximately January 13, 2021, when Safway fired for her for taking medical leave and reporting safety violations.

9.     Ms. Lanier was a heavy equipment operator on Safway's jobsite located at 100 South Grand Avenue, Los Angeles, California 90012.

10.    In or about early November 2020, Ms. Lanier reported a series of mechanical issues associated with elevator car number three ("No. 3 Elevator").

11.    Soon thereafter, on November 4, 2020, confirming Ms. Lanier's reported concerns about its safety and condition, the No. 3 Elevator free-fell nearly two stories, injuring Ms. Lanier, and causing her severe pain in her hips and legs.

12.    Both Ms. Lanier and Ms. Lanier's supervisor, Frank Haro ("Mr. Haro"), filed incident reports the same day.

13.    Ms. Lanier sought treatment for her injuries, and after several x-rays, her physician, Dr. Cherie VanHuse ("Dr. VanHuse"), determined that Ms. Lanier was suffering from severe inflammation.

14.    Dr. VanHuse wrote Ms. Lanier a prescription for Meloxicam and Tramadol, the latter of which is a strong opioid.

15.    Ms. Lanier was cognizant of the fact that her medications could inhibit her ability to safely operate heavy machinery on the jobsite.  Therefore, in order to keep herself and her co-workers safe, she requested to be excused from work for several days while she recuperated from her injuries.

16.    Dr. VanHuse excused Ms. Lanier from work from January 11, 2021 until January 15, 2021.

17.    Ms. Lanier notified her supervisor, Mr. Haro, regarding her medical leave.  Mr. Haro instructed Ms. Lanier to contact Hector Melgar ("Mr. Melgar"), Safway's Environmental Health and Safety Manager, as well.  Ms. Lanier contacted Mr. Melgar, who instructed Ms. Lanier to send him the documentation and to "feel better."  Ms. Lanier provided Mr. Melgar with Dr.

3

COMPLAINT

EXHIBIT A

1   VanHuse's note, as she knew Mr. Melgar served as a point of contact between employees and

2   Safway.  Ms. Lanier knew this because Mr. Melgar conducted Ms. Lanier's onboarding

3   orientation, and during orientation, told Ms. Lanier to contact him if any work-related issues

4   should arise.

5          18.     Ms. Lanier then took leave on January 11, 2021.  However, three days later,

6   Safway's Human Resources Generalist, Marilu Esparza ("Ms. Esparza"), contacted Ms. Lanier and

7   asked Ms. Lanier if she was on medical leave.

8          19.     Ms. Lanier answered in the affirmative and in response, Ms. Esparza told Ms.

9   Lanier: "don't worry about coming back, we don't have a position for you."

10         20.     Safway effectively terminated Ms. Lanier on January 13, 2021, while she was on

11  approved medical leave.

12         21.     Ms. Lanier made $49.94 per hour while working for Safway, who, after unlawfully

13  terminating Ms. Lanier, failed to immediately provide Ms. Lanier with her final paycheck upon her

14  termination.  Instead, Safway chose to wait a full week before paying Ms. Lanier

15                          **FIRST CAUSE OF ACTION**

16              **Wrongful Termination in Violation of Public Policy**

17                          (Against Safway)

18         22.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth

19  fully herein.

20         23.     At all times relevant hereto, Safway employed Ms. Lanier.

21         24.     Safway terminated Ms. Lanier on or about January 13, 2021.

22         25.     Ms. Lanier's complaints about the safety of Safway's elevators, as well as her

23  disability that resulted from Safway's negligence, were substantial motivating reasons for her

24  discharge.

25         26.     As a result of Safway's conduct, Ms. Lanier has sustained, and continues to sustain,

26  damages, in the form of lost wages and other employment benefits, and emotional and physical

27  distress in an amount in excess of the minimum jurisdictional requirements of this court, in an

28  amount to be proven at trial.

4

COMPLAINT

**EXHIBIT A**

**SECOND CAUSE OF ACTION**

**Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m))**

(Against All Defendants)

27.    Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

28.    Safway employed and later terminated Ms. Lanier.

29.    Ms. Lanier suffered from severe inflammation and required medical leave.

30.    Safway knew of Ms. Lanier's disability because Ms. Lanier provided numerous doctor's notes to Safway outlining her symptoms and related restrictions.

31.    Ms. Lanier was able to perform the essential duties of her position with a reasonable accommodation for her disability—namely, time off.

32.    Safway failed to provide reasonable accommodations for Ms. Lanier's disability, and instead, abruptly terminated her.

33.    As a result of Safway's conduct, Ms. Lanier has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

34.    Safway's failure to provide reasonable accommodation was a substantial factor in causing Ms. Lanier's harm.

**THIRD CAUSE OF ACTION**

**Failure to Engage in the Interactive Process (Gov. Code, § 12940(n))**

(Against All Defendants)

35.    Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

36.    Safway knew Ms. Lanier suffered from severe inflammation.

37.    Ms. Lanier requested that Safway make reasonable accommodations for her disability so that she would be able to perform her essential job requirements.

5

COMPLAINT

**EXHIBIT A**

38.     Ms. Lanier was more than willing to participate in the interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.

39.     However, Safway failed to participate in a timely good-faith interactive process with Ms. Lanier to determine whether reasonable accommodation could be made.  Instead, Safway summarily denied both of Ms. Lanier's requests without any investigation as to if it could accommodate her.

40.     As a result of Safway's conduct, Ms. Lanier has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of FEHA (Gov. Code § 12940(a))

(Against All Defendants)

41.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

42.     Ms. Lanier complained to Safway management of Safway's failure to provide her requested reasonable accommodations, failure to participate in an interactive process related to these accommodations, and other violations of California law.

43.     Ms. Lanier had reasonable cause to believe that the information she disclosed to Safway described a violation of the statutes asserted in this complaint.

44.     Instead of remedying these violations, Safway terminated Ms. Lanier, and Ms. Lanier's reporting of these violations to Safway was a contributing factor in defendant's decision to terminate Ms. Lanier.

45.     As a result of Safway's conduct, Ms. Lanier has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

6

COMPLAINT

## FIFTH CAUSE OF ACTION

### Violation of California Family Rights Act ("CFRA") (Gov. Code § 12945.2)

(Against Safway)

46.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

47.     Ms. Lanier was eligible for medical leave. She requested and was granted leave to care for her own serious health condition which made her temporarily unable to perform the functions of her job with Safway.

48.     Ms. Lanier provided reasonable notice to NRT of her need for medical leave, including the length and expected duration required.

49.     Safway refused to return Ms. Lanier to the same job following her leave.  Rather, while Ms. Lanier was still on leave, Safway unceremoniously terminated her.

50.     Ms. Lanier was harmed as a result and Safway's conduct was a substantial factor in causing her harm.

## SIXTH CAUSE OF ACTION

### Retaliation in Violation of CFRA (Gov. Code § 12945.2(k))

(Against Safway)

51.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

52.     Ms. Lanier was eligible for and took medical leave.

53.     Safway discharged Ms. Lanier while she was her approved medical leave.

54.     Ms. Lanier's taking of medical leave was a substantial motivating reason for discharging her.

55.     Ms. Lanier was harmed as a result and Safway's retaliatory conduct was a substantial factor in causing her harm.

//

//

//

7

COMPLAINT

**EXHIBIT A**

**SEVENTH CAUSE OF ACTION**

**Failure to Prevent Harassment, Discrimination, and Retaliation (Gov. Code, § 12940(k))**

(Against All Defendants)

56.    Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

57.    Safway employed Ms. Lanier.

58.    Ms. Lanier was subjected to harassment, discrimination, and retaliation in the course of her employment.

59.    Safway failed to take all reasonable steps to prevent the harassment, discrimination, and retaliation.

60.    Ms. Lanier incurred economic and non-economic damages because of the Safway's failure to take all reasonable steps to prevent the harassment, discrimination, and retaliation, and this failure was a substantial factor in causing her damages.

**EIGHTH CAUSE OF ACTION**

**Retaliation in Violation of Lab. Code, § 1102.5**

(Against Safway)

61.    Ms. Lanier incorporates all preceding paragraphs of this complaint as though set forth fully herein.

62.    Ms. Lanier complained to Safway of the lack of proper maintenance of one of its elevators.

63.    Ms. Lanier had reasonable cause to believe that the information she disclosed to Safway described a violation of law.

64.    Instead of remedying these violations, Safway ultimately terminated Ms. Lanier, and Ms. Lanier's reporting of these violations to Safway was a contributing factor in defendant's decision to terminate Ms. Lanier.

65.    As a result of Safway's conduct, Ms. Lanier has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical

8

**EXHIBIT A**

1  distress in an amount in excess of the minimum jurisdictional requirements of this court, in an

2  amount to be proven at trial.

3  **NINTH CAUSE OF ACTION**

4  **Waiting Time Penalties (Lab. Code, §§ 201-203)**

5  (Against Safway)

6       66.    Plaintiff incorporates all preceding paragraphs of this complaint as though set forth

7  fully herein.

8       67.    Labor Code sections 201 and 202 require an employer to pay its employees all

9  wages due immediately upon discharge or within 72 hours of resignation.

10      68.    Labor Code section 203 provides that if an employer willfully fails to pay such

11  wages, the employer must continue to pay the subject employee's wages until the back wages are

12  paid in full or an action is commenced, up to a maximum of thirty days of wages.

13      69.    Defendant willfully failed to pay Plaintiff until a full week after it terminated her.

14      70.    As a result of Defendant's willful failure to pay Plaintiff's upon separation from

15  employment, Plaintiff has been harmed and Defendants are liable for statutory waiting time

16  penalties pursuant to Labor Code section 203.

17  **PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

19      A.    For general damages, special damages, and non-economic damages

20            according to proof, but in an amount in excess of the jurisdictional limit of

21            this Court;

22      B.    For punitive damages in an amount appropriate to punish Defendants and

23            deter others from engaging in similar misconduct on appropriate legal

24            causes of action;

25      C.    For penalties available under applicable laws, including waiting time

26            penalties;

27      D.    For prejudgment interest;

28  //

9

COMPLAINT

**EXHIBIT A**

E.   For costs of suit, including attorneys' fees and expert witness fees; and

F.   For such other relief as the Court deems just and proper.

Dated:  September 22, 2021                    MILLS SADAT DOWLAT LLP

By:  _____
        Camron Dowlatshahi

Attorneys for Plaintiff
Wanda Lanier

10

COMPLAINT

**EXHIBIT A**

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 22, 2021

Wanda Lanier

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202109-14828822
      Right to Sue: Lanier / Safway Atlantic, LLC et al.

Dear Wanda Lanier:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 22, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

**EXHIBIT A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**EXHIBIT A**

Electronically FILED by Superior Court of California, County of Los Angeles on 09/22/2021 04:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 21STCV35068 | FOR COURT USE ONLY |
|---|---|
| Mills Sadat Dowlat LLP<br>Camron Dowlatshahi (SBN 308618)<br>333 South Hope Street, 40th Floor, Los Angeles, CA 90071 | |
| TELEPHONE NO.: (213) 628-3856    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* camron@msdlawllp.com | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Wanda Lanier v. Safway Atlantic, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21STCV35068 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 22, 2021

Camron Dowlatshahi (SBN 308618)
_____                              ►
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**EXHIBIT A**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT A**

| SHORT TITLE: Lanier v. Safway Atlantic, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

---
**Applicable Reasons for Choosing Court Filing Location (Column C)**
---

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

---

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

**EXHIBIT A**

| SHORT TITLE: Lanier v. Safway Atlantic, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1,②③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful<br>eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt<br>Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A**

| SHORT TITLE: Lanier v. Safway Atlantic, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A**

| SHORT TITLE: Lanier v. Safway Atlantic, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>100 South Grand Ave. |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___Sept. 22, 2021___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT A**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

EXHIBIT A

2019-GEN-014-00

1     e)  **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a

2        person or entity that receives an electronic filing from a party for retransmission to the Court.

3        In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4        agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5     f)  **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of

6        Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7        (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8        2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9        process attached to or logically associated with an electronic record and executed or adopted

10       by a person with the intent to sign the electronic record.

11     g)  **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place

12       in a hypertext or hypermedia document to another in the same or different document.

13     h)  **"Portable Document Format"**  A digital document format that preserves all fonts,

14       formatting, colors and graphics of the original source document, regardless of the application

15       platform used.

16  2)  MANDATORY ELECTRONIC FILING

17     a)  Trial Court Records

18       Pursuant to Government Code section 68150, trial court records may be created, maintained,

19       and preserved in electronic format.  Any document that the Court receives electronically must

20       be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21       official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22     b)  Represented Litigants

23       Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24       electronically file documents with the Court through an approved EFSP.

25     c)  Public Notice

26       The Court has issued a Public Notice with effective dates the Court required parties to

27       electronically file documents through one or more approved EFSPs.  Public Notices containing

28       effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

d) Documents in Related Cases

   Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

   a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

   a) The following documents shall not be filed electronically:

      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii) Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b) Lodgments

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

2019-GEN-014-00

1   5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2       Electronic filing service providers must obtain and manage registration information for persons

3       and entities electronically filing with the court.

4   6)  TECHNICAL REQUIREMENTS

5       a)  Electronic documents must be electronically filed in PDF, text searchable format when

6           technologically feasible without impairment of the document's image.

7       b)  The table of contents for any filing must be bookmarked.

8       c)  Electronic documents, including but not limited to, declarations, proofs of service, and

9           exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10          3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11          item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12          bookedmarked item and briefly describe the item.

13      d)  Attachments to primary documents must be bookmarked.  Examples include, but are not

14          limited to, the following:

15          i)    Depositions;

16          ii)   Declarations;

17          iii)  Exhibits (including exhibits to declarations);

18          iv)   Transcripts (including excerpts within transcripts);

19          v)    Points and Authorities;

20          vi)   Citations; and

21          vii)  Supporting Briefs.

22      e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly

23          encouraged.

24      f)  Accompanying Documents

25          Each document acompanying a single pleading must be electronically filed as a separate

26          digital PDF document.

27      g)  Multiple Documents

28          Multiple documents relating to one case can be uploaded in one envelope transaction.

---

EXHIBIT A

2019-GEN-014-00

h) Writs and Abstracts

    Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

    If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

    Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

    i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

    ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

EXHIBIT A

2019-GEN-014-00

1   b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2       day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3       application must be provided to the court the day of the ex parte hearing.

4   9)  PRINTED COURTESY COPIES

5   a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6       be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7       the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8       by 10:00 a.m. the next business day.

9   b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10      electronic submission) is required for the following documents:

11      i)    Any printed document required pursuant to a Standing or General Order;

12      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13            pages or more;

14      iii)  Pleadings and motions that include points and authorities;

15      iv)   Demurrers;

16      v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17      vi)   Motions for Summary Judgment/Adjudication; and

18      vii)  Motions to Compel Further Discovery.

19  c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20      additional documents.  Courtroom specific courtesy copy guidelines can be found at

21      www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23  a)  Fees and costs associated with electronic filing must be waived for any litigant who has

24      received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25      1010.6(d)(2).)

26  b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27      section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28      electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

---

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                             (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR PLAINTIFF)
Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)
Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)
Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)
Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____ )
Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____ )
Date:
_____  ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____ )

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

     a.  The party requesting the Informal Discovery Conference will:

          i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

          ii.  Include a brief summary of the dispute and specify the relief requested; and

          iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

     b.  Any Answer to a Request for Informal Discovery Conference must:

          i.   Also be filed on the approved form (copy attached);

          ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

EXHIBIT A

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):           FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)         **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11      (pursuant to the Discovery Resolution Stipulation of the parties)
For Optional Use

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**EXHIBIT A**

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A

 **Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR)
> ## INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 1 of 2

**EXHIBIT A**

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 2 of 2

**EXHIBIT A**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/22/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV35068 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Christopher K. Lui | 76 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/23/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT A**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**EXHIBIT A**

**EXHIBIT A**

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 09/28/2021 02:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Camron Dowlatshahi, 308618<br>Mills Sadat Dowlat LLP<br>333 South Hope Street, 40th Floor<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 262-9415<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

| PLAINTIFF/PETITIONER: WANDA LANIER, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAFWAY ATLANTIC, et al. | 21STCV35068 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>None |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Packet

3. a. Party served: MARILU ESPARZA, an individual

   b. Person Served: Party in item 3a.
4. Address where the party was served: 14754 Ceres Ave
   Fontana, CA 92335
5. I served the party
   b. by substituted service. On (date): 09/28/2021  at (time): 9:10AM    I left the documents listed in item 2 with or in the presence of:  Cian Roche  - Person In Charge of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.
      (5) I attach a declaration of diligence stating actions taken first to attempt personal service.
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. as an individual defendant.

7. **Person who served papers**
   a. Name: Armando M. Garcia
   b. Address: One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 160.75
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2020019254
         (iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 09/28/2021

Armando M. Garcia
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10
OL# 16955426

**EXHIBIT B**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Camron Dowlatshahi, 308618<br>Mills Sadat Dowlat LLP<br>333 South Hope Street<br>Los Angeles, CA 90071 | | (213) 262-9415 | |
| ATTORNEY FOR (Name): | Ref. No. or File No.<br>None | | |

Insert name of court, judicial district or branch court, if any:

Central District
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF:

WANDA LANIER, an individual

DEFENDANT:

SAFWAY ATLANTIC, et al.

| DECLARATION OF<br>DILIGENCE | | | | CASE NUMBER:<br>21STCV35068 |
|---|---|---|---|---|

I received the within process on 9/22/2021 and that after due and diligent effort I have been unable to personally serve said party. The following itemization of the dates and times of attempts details the efforts required to effect personal service.  Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

PARTY SERVED:  MARILU ESPARZA, an individual

(1)Business:  14754 Ceres Ave, , Fontana, CA 92335

As enumerated below:

On 9/24/2021 5:41:00 PM at address (1) above. No Answer by the time i arrived at the business it was closed dont see any lights on or cars parked in the parking lot.
On 9/27/2021 1:43:00 PM at address (1) above. No Answer Spoke to a man claims subject just left the office not to long before i arrived and to try tomorrow to try and catch her if she is in the office.
On 9/28/2021 9:10:00 AM at address (1) above. Not In

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 09/28/2021 at Petaluma, California.

Registered California process server.
County: Los Angeles
Registration No.: 2020019254
Armando M. Garcia
One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

OL #  16955426

EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Camron Dowlatshahi, 308618<br>Mills Sadat Dowlat LLP<br>333 South Hope Street<br>Los Angeles, CA 90071 | | (213) 262-9415 | |
| ATTORNEY FOR (Name): | Ref. No. or File No.<br>None | | |

Insert name of court, judicial district or branch court, if any:

Central District
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF:

WANDA LANIER, an individual

DEFENDANT:

SAFWAY ATLANTIC, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER:<br>21STCV35068 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 09/28/2021, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Packet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma , California, addressed as follows:

MARILU ESPARZA, an individual

14754 Ceres Ave
Fontana, CA 92335

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 160.75

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 09/28/2021 at Petaluma, California.

One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

Travis Carpenter

OL # 16955426

**EXHIBIT B**

# EXHIBIT C

1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   Catherine S. Feldman (SBN 299060)
3  cfeldman@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendant
   SAFWAY ATLANTIC, LLC
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12  WANDA LANIER, an individual,            Case No. 21STCV35068

13          Plaintiff,                      **DEFENDANT SAFWAY ATLANTIC,
                                            LLC'S ANSWER TO PLAINTIFF'S
14       v.                                 UNVERIFIED COMPLAINT**

15  SAFWAY ATLANTIC, LLC, a Delaware limited   Complaint Filed:  September 22, 2021
    liability company; MARILU ESPARZA, an      Trial Date:       None Set
16  individual; and DOES 1 through 25, inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

───────────────────────────────────────────────────────
DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
76364617v.2

**EXHIBIT C**

Defendant Safway Atlantic, LLC ("Defendant"), for itself and for no other defendant, answers the unverified Complaint filed by Plaintiff Wanda Lanier ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

**DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

**FIRST DEFENSE**

**(Failure To State A Cause Of Action - All Causes Of Action)**

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND DEFENSE**

**(Statute Of Limitations - All Causes Of Action)**

2.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965 and Code of Civil Procedure sections 335.1, 338 and 340.

**THIRD DEFENSE**

**(Failure To Exhaust Administrative Remedies - All Causes Of Action)**

3.      Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

**FOURTH DEFENSE**

**(Laches - All Causes Of Action)**

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
76364617v.2

EXHIBIT C

**FIFTH DEFENSE**

**(Consent And Waiver - All Causes Of Action)**

5.　　Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and waiver.

**SIXTH DEFENSE**

**(Estoppel - All Causes Of Action)**

6.　　Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

**SEVENTH DEFENSE**

**(Unclean Hands - All Causes Of Action)**

7.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**

**(Ratification - All Causes Of Action)**

8.　　Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff ratified Defendant's alleged actions.

**NINTH DEFENSE**

**(Failure To Mitigate Damages - All Causes Of Action)**

9.　　Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged in her Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

**TENTH DEFENSE**

**(Failure To Exercise Reasonable Preventive Corrective Opportunities - All Causes Of Action)**

10.　　To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such

3

DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

76364617v.2

EXHIBIT C

discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

### ELEVENTH DEFENSE

**(Workers' Compensation Preemption - All Causes Of Action)**

11.    Plaintiff's claims for certain damages, such as for alleged emotional and/or physical injury, are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code section 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of her alleged employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by her employment with Defendant.

### TWELFTH DEFENSE

**(After-Acquired Evidence - All Causes Of Action)**

12.    Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendant was unaware until after Plaintiff's separation from employment that provides independent legal cause for the changes in her employment.

### THIRTEENTH DEFENSE

**(Prompt Remedial Action - All Causes Of Action)**

13.    Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

### FOURTEENTH DEFENSE

**(Legitimate Non-Discriminatory/Non-Retaliatory Actions - All Causes Of Action)**

14.    Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

///

///

DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

76364617v.2

**EXHIBIT C**

**FIFTEENTH DEFENSE**

**(Mixed Motive - All Causes Of Action)**

15.     Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons.  *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

**SIXTEENTH DEFENSE**

**(Award Of Punitive Damages Is Unconstitutional - All Causes Of Action)**

16.     To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**SEVENTEENTH DEFENSE**

**(Setoff And Recoupment - All Causes Of Action)**

17.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments Defendant made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**EIGHTEENTH DEFENSE**

**(Offset - All Causes Of Action)**

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

///

DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

76364617v.2

EXHIBIT C

## NINETEENTH DEFENSE

### (Undue Hardship - All Causes Of Action)

19.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

## TWENTIETH DEFENSE

### (Good Faith Effort to Engage in Interactive Process - All Causes of Action)

20.     Plaintiff's claims are barred, in whole or in part, because, assuming she was legally disabled, Defendant made a good faith effort to engage in the interactive process with, and to reasonably accommodate, Plaintiff.

## TWENTY-FIRST DEFENSE

### (Plaintiff's Failure To Engage In An Interactive Process - All Causes Of Action)

21.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

## TWENTY-SECOND DEFENSE

### (Reasonable Accommodation - All Causes of Action)

22.     Plaintiff's claims are barred, in whole or in part, because Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business necessities.

## TWENTY-THIRD DEFENSE

### (Inability to Perform Essential Job Function - All Causes of Action)

23.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is or was unable to perform all of the essential job functions for her position, or any open alternative position for which she was qualified, even with reasonable accommodation.

DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

76364617v.2

EXHIBIT C

**TWENTY-FOURTH DEFENSE**

**(Reasonableness And Good Faith - All Causes Of Action)**

24.    Plaintiff's claims are barred in whole or in part by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith.

**TWENTY-FIFTH DEFENSE**

**(Legitimate, Independent Reasons - Eighth Cause Of Action)**

25.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that retaliatory reasons were a contributing factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions for legitimate, independent reasons.  *See* Cal. Labor Code § 1102.6.

**TWENTY-SIXTH DEFENSE**

**(Managerial Privilege - All Causes Of Action)**

26.    Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

**TWENTY-SEVENTH DEFENSE**

**(Failure To Qualify For Or Comply With CFRA - All Causes Of Action)**

27.    Plaintiff's claims are barred in whole or in part to the extent Plaintiff did not qualify for leave, or comply with the prerequisites for taking leave, and/or Defendant was not put on notice that such leave was for a CFRA reason. Cal. Gov't Code section 12945.2.

**TWENTY-EIGHTH DEFENSE**

**(CFRA Leave Provided - All Causes Of Action)**

*28.*    Plaintiff's claims are barred in whole or in part to the extent that Defendant provided Plaintiff with a leave of absence pursuant to the provisions of the California Family Rights Act, Cal. Gov't Code section 12945.2, *et seq.*

7

**TWENTY-NINTH DEFENSE**

**(Health And Safety Of Plaintiff And Others - All Causes Of Action)**

29.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff could not perform the essential duties of her position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

**THIRTIETH DEFENSE**

**(Waiting Time Penalties - All Causes Of Action)**

30.     Plaintiff's claims are barred in whole or in part because Defendant paid Plaintiff all compensation owed to her at the conclusion of her employment and/or there was a good faith dispute as to whether such compensation was due.

**THIRTY-FIRST DEFENSE**

**(Arbitration - All Causes of Action)**

31.     Plaintiff's Complaint, and any purported claim for relief alleged therein, is barred to the extent Plaintiff agreed to arbitrate claims alleged in the Complaint.

**RESERVATION OF RIGHTS**

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of her Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That judgement be entered in favor of Defendant and against Plaintiff on her entire Complaint and on all causes of action alleged therein;

4.     That Defendant be awarded reasonable attorneys' fees according to proof;

5.     That Defendant be awarded the costs of suit herein incurred; and

8

DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

76364617v.2

**EXHIBIT C**

6. That Defendant be awarded such other and further relief as the Court or arbitrator may deem appropriate.

DATED: October 21, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Jamie C. Pollaci
Catherine S. Feldman
Attorneys for Defendant
SAFWAY ATLANTIC, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

1

## **PROOF OF SERVICE**

2   STATE OF CALIFORNIA                          )
                                                  )   SS
3   COUNTY OF LOS ANGELES                         )

4          I am a resident of the State of California, over the age of eighteen years, and not a party to the
    within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5   90067-3021.  On October 21, 2021, I served the within document(s):

6   **DEFENDANT SAFWAY ATLANTIC, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED
                              COMPLAINT**

7

8   ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
        in the United States mail at Los Angeles, California, addressed as set forth below.

9   ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
        below.

10

11  ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
        sealed envelope or package provided by an overnight delivery carrier with postage paid on
        account and deposited for collection with the overnight carrier at Los Angeles, California,
12      addressed as set forth below.

13  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
        below.

14

15  ☒   electronically by using the Court's ECF/CM System.

16

17      Arash Sadat, Esq.                  ***Attorneys for Plaintiff Wanda Lanier***
        Brigitte Mills, Esq.
18      MILLS SADAT DOWLAT LLP             Tel.:    (213) 628-3856
        Camron Dowlatshahi (SBN 308618)    Email:   arash@ msdlawllp.com
19      333 South Hope Street, 40th Floor            brie@ msdlawllp.com
        Los Angeles, CA 90071                        camron@msdlawllp.com
20

21         I am readily familiar with the firm's practice of collection and processing correspondence for
    mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
22  postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
    served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
23  after date of deposit for mailing in affidavit.

24         I declare under penalty of perjury under the laws of the State of California that the above is true
    and correct.

25         Executed on October 21, 2021, at Los Angeles, California.

26                                          _____
27                                                  Maria Torres-Masferrer

28

_____
                              PROOF OF SERVICE

**EXHIBIT C**